FILED
February 06, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN SMYLIE, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. SA-25-CV-1149-OLG |
| § | |
| KAREN LEE *et al.*, § | |
| Defendants. § | |

# ORDER

Pending before the Court is Plaintiff John Smylie's Motion for Preliminary Injunction (Dkt. No. 11), filed on February 3, 2026. In the Motion, Plaintiff requests preliminary injunctive relief mirroring the temporary restraining order ("TRO") already entered and extended in this case. *See* Dkt. No. 11; *see also* Dkt. Nos. 7–8; 10. On February 5, 2026, U.S. Magistrate Judge Richard B. Farrer held a hearing on the Motion. Despite receiving notice of the Motion and the order setting the Motion for a hearing, Defendants Karen Lee and E-Market Pro (collectively, "Defendants") have not appeared in this case and were not present during the hearing. *See* Dkt. Nos. 11 at 4–5; 11-1 at 12; 12 at 1–2; 14 at 1–2.

The Court has already considered the facts of this case and the issues presented herein at length when it issued the TRO. *See* Dkt. Nos. 7–8. That analysis is equally applicable today and is incorporated herein by reference. The only difference is that Plaintiff has now substantiated his allegations with evidence. *Compare* Dkt. No. 1, *with* Dkt. No. 11-1. Accordingly, the Court will keep its analysis as brief as possible.

This case is quite simple. Plaintiff was the victim of a so-called "pig-butchering scam." *See* Dkt. No. 11-1 at 4. Lee contacted Plaintiff, built rapport with him, and introduced him to "the E-Market Pro platform, claiming she could show him how to invest using cryptocurrency and expand

his retirement savings." *Id.* at 6. Plaintiff invested around $240,000 "between March and May of 2025." *Id.* at 8. His investment appeared to be quite successful at first, but when Plaintiff tried to withdraw his funds, he was informed "that his account had been frozen due to suspected money laundering, and that he was required to pay fees totaling $135,000 to unlock it." *Id.* If he failed to pay those fees, he risked "the platform permanently freezing his account and his invested assets." *Id.* At that point, Plaintiff knew he had been scammed. Dkt. No. 1 at 4. His assets were never traded or invested on his behalf; instead, they were "sent straight into the scammers' crypto wallets." Dkt. No. 11-1 at 5.

Plaintiff initiated this lawsuit thereafter against Lee, E-Market Pro, and several unnamed Defendants. *See* Dkt. No. 1. Plaintiff asserts a claim under the Racketeer Influenced and Corrupt Organizations Act, as well as claims of conversion and fraud. *Id.* at 6–9. He also seeks the imposition of a constructive trust on his stolen assets, *Id.* at 9, which Plaintiff traced to three blockchain addresses. Dkt. No. 11-1 at 10. Wary that Defendants may be inclined to transfer his assets to other accounts before the imposition of a final judgment, Plaintiff requested a TRO freezing those blockchain addresses. *See* Dkt. No. 5. The Court granted the TRO. *See* Dkt. Nos. 7–8; 10. Plaintiff now seeks a preliminary injunction continuing the freeze during the pendency of this litigation. *See* Dkt. No. 11.

A preliminary injunction is an "extraordinary remedy" requiring the movant to "unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citation omitted). To obtain such relief, the movant must demonstrate: "(1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) his substantial injury outweighs the threatened harm to the party to be enjoined; and (4) granting the preliminary injunction will not

disserve the public interest." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (citation modified).

Plaintiff easily meets each of these elements. First, Plaintiff is likely to succeed on the merits of his substantive claims. After all, Defendants misappropriated his assets in what appears to be an intentional scheme to defraud him. *See* Dkt. Nos. 7 at 6–9; 11-1 at 1–10. Second, Plaintiff is likely to suffer irreparable harm if the Court does not grant injunctive relief. If the blockchain addresses are not frozen, Plaintiff's funds are likely to be transferred to unretrievable locations. Dkt. Nos. 7 at 9; 11-1 at 11–12. Third, any temporary harm Defendants may suffer from the freeze of their accounts is far outweighed by the more serious permanent harm Plaintiff will suffer if he is deprived of his assets. *See* Dkt. No. 7 at 9–10. Finally, issuing a preliminary injunction serves the public interest. "The issuance of a freezing order will serve the public interest by assuring both victims of such crimes and the public that courts will take action to promote . . . recovery of stolen assets when they can be readily located and traced to specific locations." *Id.* at 10 (citation modified). Courts in the Fifth Circuit have held the same in factually indistinguishable circumstances. *See, e.g.*, *Harris v. Upwintrade.com*, No. 24-CV-313, 2024 WL 4920599, at *3–5 (E.D. Tex. Sept. 5, 2024); *Cohn v. Popescu*, No. 24-CV-337, 2024 WL 5656582, at *2–5 (E.D. Tex. Dec. 10, 2024).

For the foregoing reasons, the Motion (Dkt. No. 11) is hereby **GRANTED**.

**IT IS THEREFORE ORDERED** Defendants and their agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which they act or who act in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, are hereby **ENJOINED** from withdrawing, transferring, or

encumbering any assets currently held by, for, or on behalf of the persons controlling the accounts associated with the following addresses:

| Blockchain Address | Destination Exchange |
| --- | --- |
| 0x16076e44ba20c667a59e044ac0501e87059baf28 | OKX |
| 0xfaa2b0384e4c9ea037109316a1dfa08831345cbb | OKX |
| 0x92AE28AF01804Dc7ee1806311DC143618eBf899B | OKX |

**IT IS FURTHER ORDERED** that Plaintiff shall cause a copy of this Order to be served on the above-listed entities in a manner compliant with Rule 4 or as the Court may further direct. Upon receiving a copy of this Order, these entities shall be restrained and enjoined from disturbing assets, directly or indirectly, to or on behalf of Defendants or any entities under Defendants' control.

**IT IS FURTHER ORDERED** that all movement, alteration, or destruction of books, records, and accounts related to the above-listed blockchain addresses is prohibited. No bond shall be required to be posted by Plaintiff. The preliminary injunction set forth above shall continue until trial or further order of the Court.

**IT IS SO ORDERED.**

**SIGNED** on February __6__, 2026.

_____
ORLANDO L. GARCIA
United States District Judge